# CHARLESTON.

HARRY E. CLEMENS *v.* HON. JOHN C. SOUTHERN, JUDGE

(No. 6181)

Submitted January 11, 1928.   Decided January 17, 1928.

HUSBAND AND WIFE—*Appellate Court Cannot Rearrest One Perfecting Appeal from Judgment Requiring Payments to Wife to Require Him to Pay Support Money Pendente Lite; Jurisdiction of Appellate Judge is Limited to Disposition of Appeal from Judgment Requiring Husband to Pay Support Money to Wife (Cum. St. Supp. 1925, c. 144, § 16c [3] and [4]).*

After the perfection of an appeal by defendant from the judgment of a justice requiring him to pay to his wife periodically certain sums for her support by the execution of the appeal bond as required by section 16-c (4), Chapter 144, West Virginia Cumulative Statutes 1925, the Judge of the court to which the appeal has been taken has no jurisdiction to issue another warrant of arrest of appellant and require him *pendente lite* to pay such installments of support money. His jurisdiction as an appellate judge is limited to a disposition of the appeal as provided by said section 16-c (4), Chapter 144 of said Cumulative Statutes.

(Husband and Wife, 30 C. J. § 964 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original petition by Harry E. Clemens for prohibition to be directed to Hon. John C. Southern, Judge of the Criminal Court of Harrison County, and others.

*Rule in prohibition made absolute.*

W. M. *Conaway* and *Powell & Clifford*, for petitioner.

MILLER, JUDGE:

Upon complaint before R. E. Kidd, a Justice of the Peace of Harrison County, respondent Marie Clemens, pursuant to section 16-C (2) and section 16-C (3), Chapter 144, West Virginia Cumulative Statutes, procured a warrant for the arrest of petitioner, her husband, charging him with non-support, and upon being arrested and brought before the justice on said warrant, the justice proceeded to hear the charges and to find the defendant guilty of the offense, and in addition thereto on November 28, 1927, he sentenced defendant to pay petitioner and respondent, the sum of $35.00 per month, beginning November 28, 1927, and $35.00 on the 28th day of each calendar month thereafter until the further order of the court. Whereupon petitioner entered into a bond in the sum of $500.00 with P. S. Clemens, surety, for an appeal to the criminal court of Harrison County, which appeal was allowed by the justice, the said bond being conditioned as provided by section 16-C of said chapter.

After the appeal was docketed in the criminal court, respondent, the Honorable John C. Southern, the judge thereof, proceeding as if upon original process pursuant to section 16-C (3) Chapter 144 of the Code, 1923, Acts 1917, Chapter 1, and not upon appellate process pursuant to section 16-C (4), now covered by said section 16-C (3) as amended in 1925, issued a new warrant against petitioner and caused him to be re-arrested, and on being brought before him thereon ordered and required him to pay the said Marie Clemens *pendente lite* the several monthly installments of support money prescribed by the justice from whose order said appeal was being prosecuted.

We hold that such order was not within the jurisdiction of

the appellate judge. The present statute 16-C (4) Chapter 144, West Virginia Cumulative Statutes 1925, providing for an appeal in such case makes the bond required of the appellant and his sureties liable for the payment of the said sums, and authorizes the appellate court on affirmance of the judgment below to enter judgment against them for the sum of said payments. The amendments of 1925 were manifestly made to preserve the right of the defendants in all respects as well as those of the plaintiff until final judgment.

Neither of the respondents, though served with the rule, have made any returns thereto. We can find no authority in the statute as it now exists for the appellate judge to order a continuance of the payments for maintenance and support, as provided in the judgment appealed from, pending the appeal. The limit of appellee's rights seems to us to be to secure an affirmance of the judgment appealed from, and to have adjudged against the appellant and his sureties as the statute provides, the sum of such payment.

Our conclusion is that the rule in prohibition should be made absolute, and it will be so ordered.

*Rule in prohibition made absolute.*